**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **KEITHEN D. NELSON, JR.**<br>**D.O.C.. # 724622** | **:** | **DOCKET NO. 2:20-cv-356**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **UNKNOWN LIEUTENANT, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

# REPORT AND RECOMMENDATION

Before the court is a civil complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Keithen D. Nelson, Jr., who is proceeding pro se and in forma pauperis in this matter. Nelson is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana ("ACC"). He names as defendants Hunter Cloud, Caleb Odom, ACC and the LDOC.

For reasons stated below **IT IS RECOMMENDED** that claims against the ACC and LDOC, as well as plaintiff's request for injunctive relief seeking a facility transfer and criminal charges and termination of defendants Cloud and Odom, be **DENIED**. Plaintiff's allegations of excessive force on the part of Cloud and Odom will be addressed in a separate order.

## I.
## BACKGROUND

Nelson contends that on February 14, 2020, a "mental health emergency," occurred and, after calling for help numerous times, the incident ended with Nelson flooding his cell and Sgt. Hunter Cloud getting hit with water. He was then sprayed with chemical agents by Caleb Odom, handcuffed, and taken out of his cell to the showers. He alleges that while handcuffed, he was

punched in the face four times, twice by Cloud, who told Nelson that he would kill him, and sprayed again with chemicals by Odom.

Nelson seeks monetary relief, as well as all restrictions from ACC lifted, a transfer to Hunt Correctional Center, termination of Cloud and Odom, as well as criminal charges brought against them.

## II.
## LAW & ANALYSIS

### *A. Frivolity Review*

Nelson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### *B. Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws

of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### *C. Theories of the Complaint*

#### *1. Eighth Amendment*

The source of Nelson's constitutional protection in the prison context is the eighth amendment. In order for a prisoner to prevail on a section 1983 civil rights complaint of excessive use of force, the plaintiff must prove four elements: 1) a significant injury, which 2) resulted directly and only from the use of force which was clearly excessive to the need, the excessiveness of which was 3) clearly and objectively unreasonable, and 4) the action constituted an unnecessary and wanton infliction of pain. *Huguet v. Barnett*, 900 F.2d 838, 841 (5th Cir. 1990). Plaintiff's claims of excessive force against Cloud and Odom survive initial review and will be addressed in a separate order.

#### *2. Improper Parties*

Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24.

***a. Louisiana Department of Corrections***

Plaintiff names the LDOC as a defendant herein. However, state agencies are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan State Dep't of Police*, 109 S. Ct. 2304, (1981); *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007).

The Eleventh Amendment also forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 104 S. Ct. 900 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). It also prohibits suit for declaratory and injunctive relief brought against the State. *See Saltz v. Tenn. Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (declaratory and prospective injunctive relief can not be pursued directly against the State in federal court). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 94 S. Ct. 1347 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so.

To the contrary, La. Rev. Stat. Ann. § 13:5106(A) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." Accordingly, the Court is without jurisdiction to consider the plaintiff's claims against the LDOC. *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

***b. Allen Correctional Center***

Nelson also names the ACC as a defendant. The ACC is not a juridical person and this defendant should be dismissed. *See Robertson v. Coley*, No. 2:18-cv-1219, 2018 U.S. Dist. LEXIS 209324 (W.D. La., Oct. 30, 2019).

### *D. Injunctive Relief*

#### *a. Transfer*

Plaintiff, an inmate in the custody of the LDOC, seeks a transfer from the ACC to Hunt Correctional Center. Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A).

Nelson's placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 94 S.Ct. 2963, 2979 (1974). Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 96 S.Ct. 2532, 2538 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin*, 104 F.Supp.2d 643 (W.D.La., April 24, 2000). Accordingly, plaintiff is not entitled to this relief.

#### *b. Criminal Charges and Termination of Prison Guards*

Nelson also seeks criminal charges to be brought against the defendants and that they be terminated from their jobs at ACC for their actions against him. However, even if the defendants' acts were criminal, Nelson fails to allege how this entitles him to this redress under § 1983.

First, it is well settled that private citizens do not have a constitutional right to have an individual criminally prosecuted. *See, Linda R.S. v. Richard D.*, 93 S. Ct. 1146 (1973); *Joseph v.*

*Lewis*, 95 F.3d 54, 1996 WL 460071, at *1 (5th Cir. 1996) (Table, Text in Westlaw); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Therefore, Nelson fails to state a claim that would entitle him to this relief.

Furthermore, with respect to his request to have the defendants terminated from their jobs, the federal courts ordinarily accord great deference to the internal administrative decisions of prison officials. *Royal v. Clark*, 447 F.2d 501, 502 (5th Cir. 1971); *Krist v. Smith*, 439 F.2d 146, 147 (5th Cir. 1971); *Haggerty v. Wainwright*, 427 F.2d 1137, 1138 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts not to assume "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 121 S. Ct. 1475, 1480 (2001). The Court finds that it would be against that precedent and the public's interest, if not an abuse of judicial resources, to entertain Nelson's request for this relief. *See Ware v. Tanner*, No. 12-2250, 2013 U.S. Dist. LEXIS 146845, at *13 (E.D. La., Oct. 10, 2013).

## III.
## CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that claims against the ACC and LDOC, as well as plaintiff's request for injunctive relief seeking a facility transfer and criminal charges and termination of defendants Cloud and Odom, be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 12th day of May, 2020.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE