UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KEITHEN D. NELSON, JR.** | : | **DOCKET NO. 2:20-cv-356** |
| D.O.C.. # 724622 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **UNKNOWN LIEUTENANT, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss (doc. 14) filed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure by Defendant Caleb Odom. This motion comes in response to a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Keithen D. Nelson, Jr. ("Plaintiff"). The Plaintiff did not file an opposition to the motion. Odom's motion is now ripe for review.

For the reasons below, we recommend that the Motion to Dismiss be **GRANTED in part** and **DENIED in part**.

**I.**
**BACKGROUND**

Plaintiff filed the *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 presently before this Court on April 20, 2020. He alleges, in pertinent part, the following facts:

> On the date of 02/14/20, at approx. 1300-1400 time I Keithen Nelson #724622 was having a mental health emergency In which is why I was calling for rack 7* times. No one came to see what was going on. This incident ended with me flooding my cell and a Sgt. By the name of Hunter Cloud getting hit with water. I was then sprayed with chemical agency by Lt. Caleb Odom. I was then handcuffed and taken out my cell. I was then taken to Mars nursing unit. D2 Shower, while still handcuffed to the back.

> I was punched in my face with a closed fist 4 times, twice by Sgt. Hunter Cloud. I was also told by Sgt. Cloud that he would "kill me' while I was still in the shower, handcuffed, I was sprayed twice more with chemical agents by Lt. Caleb Odom. I was then sprayed once more.

Doc. 5, p. 3. Following this Court's dismissal of the State of Louisiana and the Allen Correctional Center[1], Sgt. Hunter Cloud and Lt. Caleb Odom are the remaining defendants. The motion before this Court was filed on behalf of Lt. Caleb Odom.

## II.
### LEGAL STANDARDS

### A. *Federal Rule of Civil Procedure 12(b)(1)*

Federal courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred upon them by the United States Congress. *Howery v. Allstate Insurance Company*, 243 F.3d 912, 916 (5th Cir. 2001). Without jurisdiction conferred upon them by statute, they lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liability Litigation*, 668 F.3d 281, 286-87 (5th Cir. 2012*); Stockman, et al. v. Federal Election Committee*, 138 F.3d 144, 151 (5th Cir. 1988). The proper procedural vehicle to challenge a court's subject-matter jurisdiction is a motion to dismiss under FRCP 12(b)(1). *Valentin v. Hospital Bella Vista, et al.*, 254 F.3d 358, 362 (1st Cir. 2001). Under FRCP 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *In re FEMA Trailer Formaldehyde Prods. Liability Litigation,* 668 F.3d at 286. A court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id*. And it should do so particularly as to subject-matter jurisdiction in order to determine whether it is present before addressing other issues. *Ramming v. United States, et al.,* 281 F.3d 158, 161 (5th Cir. 2001) (*citing Hitt v. Pasadena, et al.*, 561 F.2d

---

[1] Docs. 8, 11.

606, 608 (5th Cir. 1977) (per curiam)) A motion to dismiss based upon the sovereign immunity provided by The Eleventh Amendment is best brought under FRCP 12(b)(1).

Rule 12(b)(1) is a large umbrella, overspreading a wide variety of different types of challenges to subject-matter jurisdiction including one made under sovereign immunity. *Id.* at 362-63. And a challenge to the court's subject-matter jurisdiction based upon sovereign immunity presents what amounts to a pure (or nearly pure) question of law. *Id.* at 363. When reviewing a motion to dismiss, a district court must consider the complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inference. *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). FRCP 12(b)(1) provides that a district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of facts." *St. Tammany Parish ex. rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009), *citing Williamson, et al. v. Tucker, et al.*, 645 F.2d 404, 413 (5th Cir. 1981); *see also Barrera-Montenegro v. United States and Drug Enforcement Agency*, 74 F.3d 657, 659 (5th Cir. 1996). A plaintiff may not, however, rest merely on unsupported conclusions or interpretations of law. *Murphy, citing Washington Legal Foundation, et al. v. Massachusetts Bar Foundation, et al.,* 993 F.2d 962, 971 (1st Cir. 1993). Subjective characterizations or conclusory descriptions of a general scenario which *could* be dominated by unpleaded facts will not defeat a motion to dismiss. *Id., citing Coyne v. City of Somerville, et al.*, 972 F.2d 440, 444 (1st Cir. 1992) (internal quotes omitted) (emphasis in the original). And when determining the merits of a motion to dismiss under Rule 12(b)(1), the court should be "mindful that the party invoking the jurisdiction of a federal court carriers the burden of proving its existence." *Id., citing Taber Partners, I v.*

*Merit Builders, Inc*., 987 F.2d 57, 60 (1st Cir.), *cert. denied,* 114 S. Ct. 82 (1993); *see also Ramming v. United States,* et al., 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id., citing Menchaca v. Chrysler Credit Corporation, et al*., 613 F.2d 507, 511 (5th Cir. 1980).

   B. *Eleventh Amendment*

Under the Eleventh Amendment, "the judicial power of the United States shall not be construed to extend to any suit, in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." Hans v. Louisiana, 10 S. Ct. 504, 506 (1890). Consequently, this broad grant of immunity extends to Federal suits against a state brought by citizens of that state. *Bowling, et al. v. Pence,* 39 F.Supp.3d 1025, 1029 (S.D. Indiana 2014). And a state need not be formally named in a complaint to trigger the provisions of the Eleventh Amendment, as it bars any suit where a state is "the real, substantial party in interest." *Pennhurst State School & Hospital, et al. v. Halderman, et al.,* 104 S.Ct. 900, 908 (1984), *citing Ford Motor Company v. Department of Treasury,* 65 S.Ct. 347, 350 (1945); *Edelman v. Jordan*, 94 S.Ct. 1347, 1356 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.") It is well-settled that "the Eleventh Amendment grants states sovereign immunity from lawsuits in federal court, and also bars suits against state agencies because such suits are considered suits against the state." *Williams v. Louisiana*, CV 14-00154-BAJ-RLB, 2015 WL 5318945, at *6 (M.D. La. Sept. 11, 2015) (*citing Vogt, et al. v. Board of Commissioners of Orleans Levee District, et al*., 294 F.3d 684, 688-89 (5th Cir. 2002)). And "The 'ultimate guarantee of the Eleventh Amendment'…is that a non-consenting State may not be sued in federal court by private individuals, including its own citizens." *Id., quoting Board of Trustees of the University of*

*Alabama. et al. v. Garrett, et al.,* 531 U.S. 356, 363 (2001). Unless sovereign immunity is waived, abrogated or consented to by the state entity, "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman, Director of Illinois Department of Public Aid, etc. v. Jordan, et al*., 94 S.Ct. 1347, 1356 (1974). Further, "(W)hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Id., quoting Ford Motor Company v. Department of Treasury*, 323 U.S. 459, 464 (1945).

   C. **Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

*D. Section 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985).

**IV.**
**ANALYSIS**

Plaintiff does not state whether Odom is named as a defendant in his official capacity or personal capacity. Nevertheless, given the liberality with which pro se pleadings may be interpreted, the Court interprets Plaintiff's complaint as naming the defendant in both capacities. *See Cain v. White*, No. 08-1015, 2009 U.S. Dist. LEXIS 23322 (W.D. La. Mar. 20, 2009).

To the extent Plaintiff's action is against Odom in his official capacity, the action is essentially against the State of Louisiana. As argued in his motion, Odom is a correctional officer employed by the Louisiana Department of Public Safety and Corrections ("LDPSC"). In *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312 (1999), the Fifth Circuit held that the LDPSC is an alter ego of the State of Louisiana and is immune from suit under the Eleventh Amendment. *See also Brandon v. Holt,* 105 S.Ct. 873, 878 (1985) ("A judgment against a public servant in his official capacity imposes liability on the entity that he represents," provided the public entity received notice and an opportunity to respond.).

Although a State may waive its Eleventh Amendment immunity, such waiver will be found "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Edelman, 415 U.S. at 673, 94 S.Ct. at 1360 (internal quotations omitted).  Louisiana has not waived its Eleventh Amendment sovereign immunity; in fact, Louisiana law unequivocally invokes sovereign immunity for all actions except those brought in a Louisiana state court. La. R.S. § 13:5106(A) provides: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

Accordingly, Defendants Odom, in his official capacity, is entitled to Eleventh Amendment immunity. Plaintiff's claim for monetary damages, to the extent such damages would be paid from the state treasury, is not actionable under 42 U.S.C. § 1983 and must be dismissed.

However, the Court finds that the facts alleged by Plaintiff, if proved, are sufficient to state a violation of Plaintiff's constitutional right to be free from excessive force. Consequently, Plaintiff's claims against Odom in his personal capacity remain viable at this juncture.

## V.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss (doc. 14) be **GRANTED in part**, as to claims against Odom in his official capacity, and **DENIED in part,** as to claims against Odom in his personal capacity.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 10th day of November, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE