UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KEITHEN D NELSON JR #724622**      **CASE NO. 2:20-CV-00356 SEC P**

**VERSUS**      **JUDGE JAMES D. CAIN, JR.**

**UNKNOWN LIEUTENANT**      **MAGISTRATE JUDGE KAY**

## RULING AND JUDGMENT

Before the Court is a "Motion to Dismiss" (Doc. 14) filed by Defendant, Caleb Odom in response to the "Complaint—Prisoner Civil Rights Under 42 U.S.C. § 1983" filed by Plaintiff Keithen Nelson on April 20, 2020.

In his motion, Odom seeks to be dismissed in his official capacity based on Eleventh Amendment immunity. The Magistrate Judge issued a Report and Recommendation wherein she recommended that in his official capacity, Odom was entitled to dismissal with prejudice. However, she interpreted Plaintiff's Complaint as naming the defendant in both capacities. Citing *Cain v. White,* Civ. Action 08-1015, 2009 U.S. Dist. LEXIS 23322 (W.D. La. Mar. 20, 2009). Magistrate Judge Kay recommended that Plaintiff's claims against Odom in his personal capacity remain viable because the facts alleged, if proved, were sufficient to state a violation of Plaintiff's constitutional right to be free from excessive force.

After the Report and Recommendation was issued, Defendant Odom objected only to that part of the Report that interpreted Plaintiff's complaint as asserting claims against

Odom in his personal capacity. Odom, through his counsel, argues that the Complaint refers to him only in his official capacity because Plaintiff's allegation state "Lt. Odom". Alternatively, Odom requests that the Court allow Plaintiff a reasonable time to amend his Complaint if his intent was to name Odom in his personal capacity. While we acknowledge that when considering a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to plaintiff, and *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, Plaintiff's Complaint completely fails to assert claims against Lt. Odom in his personal capacity. Accordingly, the Court will adopt that portion of the Report and Recommendation to dismiss Lt. Odom with prejudice in his official capacity and allow Plaintiff 14 days to amend his complaint, is he so chooses, to add Lt. Odom as a defendant in his personal capacity.

For the reasons stated in the Report and Recommendation (Doc. 8) of the Magistrate Judge previously filed herein, determining that the findings are correct under the applicable law, and noting Defendant's objection,

**IT IS ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss is hereby **GRANTED** in part; the claims against Defendant Lt. Caleb Odom in his official capacity are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff intends to allege claims against Lt. Caleb Odom in his personal capacity, he shall amend his Complaint within 14 days of this

Judgment; failure to do so will result in complete dismissal of Plaintiff's claims against Odom in his personal capacity.

**THUS DONE AND SIGNED** in Chambers on this 30th day of November, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**